UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION,                                               )<br>                                                                      )<br>                            Plaintiff            )<br>                                                                      )<br>            v.                                                    )<br>                                                                      )<br>INTERFACE SOLUTIONS, INC.              )<br>                                                                      )<br>                                                                      )<br>                            Defendant.      )<br>_____ ) | CIVIL ACTION NO.<br><br>COMPLAINT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide relief to Larry MacEwen ("MacEwen"). Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendant, Interface Solutions, Inc. ("Interface") retaliated against MacEwen by conditioning his receipt of severance benefits upon withdrawal of a charge filed with the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 704(a), 706(f)(1) and (3), and 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., and sections 2000e-3(a), 2000e-5(f)(1) and (3), and 2000e-6(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3.     Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

4.     At all relevant times, Interface has continuously been a Delaware corporation, doing business in the State of New York, and has continuously had at least 15 employees.

5.     At all relevant times, Interface has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, MacEwen filed a charge with the Commission alleging violations of Title VII by Interface.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least July 2006, Interface has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).  These practices include retaliating against MacEwen by denying him severance benefits because he filed a charge with the EEOC.

8.     The effect of the practices complained of in paragraph 7, above, has been to deprive MacEwen of equal employment opportunities and otherwise adversely affected his employee status because of his right to engage in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to MacEwen's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Interface, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice that discriminates against an employee for exercising the right to file a charge with the EEOC.

B. Order Interface to institute and carry out policies, practices and programs which protect from retaliation those employees who wish to file charges with the EEOC or participate in an EEOC investigation or proceeding, and which eradicate the effects of Interface's part and present unlawful employment practices.

C. Order Interface to make whole MacEwen by providing all withheld severance pay with prejudgment interest.

D. Order Interface to make whole MacEwen who was adversely affected by the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering and humiliation in amounts to be determined at trial.

      E.      Order Interface to pay MacEwen who was affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

      F.      Order Interface to pay MacEwen punitive damages for its reckless indifference to his federally protected right to be free from retaliation.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

Dated: October 30, 2007

      Respectfully submitted,

      Ronald Cooper
      General Counsel
      James L. Lee
      Deputy General Counsel
      Gwendolyn Y. Reams
      Associate General Counsel
      EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
      1801 L Street, N.W.
      Washington, D.C.   20507

      **s/ Elizabeth Grossman**
      Elizabeth Grossman
      Regional Attorney
      EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
      New York District Office
      33 Whitehall St., 5th Floor
      NY, NY 10004-2112
      Tel: (212) 336-3696
      Fax: (212)336-3623
      Elizabeth.Grossman@eeoc.gov

                              **s/ R. Liliana Palacios-Baldwin**
R. Liliana Palacios-Baldwin
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
John F. Kennedy Federal Building
Boston, MA 02203-0506
Tel:  (617) 565-3188
Fax: (617) 565-3196
Rosa.Baldwin@eeoc.gov